IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| DARYL SAVAGE, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.:    WDQ-07-1085 |
| UNITED STATES OF AMERICA, | * | CRIMINAL NO.: WDQ-04-0096 |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Daryl Savage's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the pleadings and the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Savage's motion will be denied.

I. Background

On September 29, 2004, a jury convicted Savage of one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000).[1] Following his conviction, the Court sentenced Savage to concurrent terms of 180 months for the

---

[1] Savage was found not guilty on counts of possession with intent to distribute cocaine and cocaine base, and possession of a firearm in furtherance of a drug trafficking offense.

1

firearm and ammunition charges.

On January 3, 2006, the Fourth Circuit affirmed Savage's convictions and sentence. *United States v. Savage*, 161 F. App'x 256 (4th Cir. 2006). Savage's petition for certiorari was denied. *Savage v. United States*, 126 S. Ct. 1930 (2006).

After exhausting his direct appeals, Savage filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 27, 2007.

II. Analysis

Savage's § 2255 motion states four grounds for relief: (1) ineffective assistance of counsel; (2) unreasonable and unlawful search and seizure; (3) erroneous categorization as an armed career criminal under 18 U.S.C. § 924(e); and (4) a request that Savage's state and federal sentences run concurrently.

A.   Ineffective Assistance of Counsel

1.   Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Savage must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. Savage must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Savage must also demonstrate a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

2.  Discussion

Savage contends that his pretrial counsel[2] failed to obtain the "K.G.A." tape from the police raid on his home and that this prejudiced his trial. Pet'r Br. at 5. To support his argument, Savage appends the transcript of his pretrial motions hearing where the Court mentioned that "KGA runs" had not been introduced as evidence. *Id.*, App. A. Savage argues that had this tape been produced, it would have shown that the police did not have a valid search and seizure warrant before entering the home. *Id.* at 5.

The Government counters that counsel's tactical decision not to seek the K.G.A. tape did not prejudice Savage's right to a fair trial. Resp't Br. at 6. Savage's counsel explained that he did not seek the tape because in his experience, police do not use the KGA radio frequency during raids to preserve the element of surprise. Pet'r Br. App. A. The Government maintains that

---

[2] Savage's pretrial counsel, Ronald Kurland, was replaced by Peter M. Semel at trial. Pet'r Br. App. A.

this tactical decision was reasonable and did not prejudice Savage.  Resp't Br. at 6.

Tactical decisions of trial counsel are entitled to deference and will not be second-guessed by the Court.  *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam).  Savage's counsel made the tactical decision to use witness testimony rather than the KGA tape to attack the validity of the warrant.  That the Court found the Government's witnesses more reliable does not mean that Savage's counsel was deficient.  Savage's speculation that the KGA tape would have established that the warrant was invalid is not sufficient to establish prejudice.  *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986) ("[A] mere possibility that the result might have been different does not suffice.").  The Fourth Circuit has affirmed the Court's finding that the warrant was valid, *Savage*, 161 F. App'x at 257, and Savage has not demonstrated that his attorney acted deficiently.[3]

B.   Unreasonable Search and Seizure

Savage also argues that because no time was indicated on the warrant, it issued after the search of his home.  Thus, the

---

[3] Savage contends for the first time in his Response that his attorneys were ineffective for failing to raise a challenge under *Crawford v. Washington*, 541 U.S. 36 (2004), regarding statements made by the confidential informant ("CI") in the warrant affidavit.  Because these statements were not testimonial hearsay and do not infringe on Savage's constitutional rights, his attorneys were not deficient in failing to pursue this claim.

search of the home violated the Fourth Amendment.

The Government replies that at the motions hearing, the police officers who testified established that the warrant was obtained before the search. Resp't Br. at 7. The Court credited this testimony over the contrary testimony of Savage's mother, and the Government contends that this decision is entitled to deference. *Id.* The Government also asserts that since this issue was argued and decided on Savage's direct appeal, he may not attack this ground in his § 2255 motion.

The Fourth Amendment guarantees a citizen's freedom from "unreasonable searches and seizures." U.S. Const. amend. IV. To be reasonable, "[t]he Fourth Amendment generally requires police to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (per curiam). Evidence secured via an unreasonable search may be suppressed. *United States v. Banks*, 482 F.3d 733, 739 (4th Cir. 2007).

At the motions hearing, officers testified that the warrant for Savage's home was issued on the morning of August 21, 2003. The officers executed the warrant later that evening. Although Savage's mother testified that officers did not have a warrant--or were procuring one during the search--the Court found the officers' testimony reliable. Assessing witness credibility is within the sound discretion of the motions judge. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Savage has not

5

demonstrated that a warrantless search was conducted.  *See also Savage*, 161 F. App'x at 257 (a warrant existed before the search of Savage's home).[4]

C.   Armed Career Criminal Classification

Savage contends that he was erroneously classified as an armed career criminal because his two state convictions in 1999 were related cases.  He argues that because his state offenses were formally consolidated for sentencing purposes, the Court should not have counted these offenses separately as a basis for enhancing his sentence.  The Government counters that the state convictions were on different dates and for different offenses, so the Court properly considered them as separate offenses under the Armed Career Criminal Act ("ACCA").

Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has three prior convictions for serious drug offenses is subject to a minimum prison sentence of fifteen years.  18 U.S.C. § 924(e) (2000).  Although prior sentences in unrelated cases are counted separately for sentencing purposes, prior sentences in related cases are treated as one sentence.  U.S. Sentencing

---

[4] Savage also alleges that the CI who provided the basis for the warrant affidavit either does not exist or was improperly used to bolster law enforcement affidavits.  Pet'r Br. at 6. Because this CI also helps with other cases, Savage contends that the informant's statements cannot provide probable cause for a warrant.  *Id.*  The CI's help to law enforcement in other cases demonstrates his reliability, and Savage has not produced any evidence that the CI misled the officers in his case.  *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

6

Guidelines Manual § 4A1.2(a)(2) (2006). Prior sentences are related if they resulted from offenses that "(1) occurred on the same occasion, (2) were part of a single scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* cmt. n.3. Savage does not dispute that the crimes constitute serious drug offenses, rather, he contends that his 1999 convictions were related because they occurred near the same time and location, were investigated by the same police officers, and were consolidated for sentencing.

In the Fourth Circuit, convictions occur on different occasions if they arose from "separate and distinct criminal episode[s]." *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995). Because Savage's convictions related to different drug transactions, occurred in different locations, and involved different individuals, they did not occur on the "same occasion." That the offenses occurred within three weeks or were pursued by the same police officers does not make them related.

The Fourth Circuit requires formal consolidation for the charges to be related. *United States v. Allen*, 50 F.3d 294, 297 (4th Cir. 1995). In *Allen*, offenses which occurred on different dates, but were charged on the same day and sentenced together were not related. *Id.* at 296, 299. The defendant in *Allen* had received equal concurrent sentences for both offenses. *Id.* at 296. Savage has presented no evidence of consolidation in his

7

case. Although concurrent sentences for his two 1999 convictions were imposed on the same day, they are not related for purposes of the ACCA. As the Fourth Circuit has affirmed Savage's status as an armed career criminal, *see Savage*, 161 F. App'x at 257-58, Savage has not established that his sentence was improperly enhanced.

D.   Request to Run Sentences Concurrently

Savage requests that the Court run his federal sentences concurrently with his state violation of probation sentence. To the extent that Savage asks the Court for credit for time served, the Court has no jurisdiction under § 2255 to hear the claim and Savage must seek judicial review under 28 U.S.C. § 2241 in the district of his confinement. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Though the Court has § 2255 jurisdiction to address Savage's request to run his state sentence concurrently, since Savage was on parole at the time of the federal offense, he was properly given a consecutive federal sentence. *United States v. Roane*, 100 F. App'x 901, 903 (4th Cir. 2004) (per curiam); *see also* U.S. Sentencing Guidelines Manual § 5G1.3.

III. Conclusion

For the reasons stated above, Savage's motion will be denied.


<u>September 6, 2007</u>                         <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge

9